UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NATALIE M. HUCK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:12 CV 249 |
| | ) |
| **TARGET CORPORATION,** | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

On May 31, 2012, plaintiff Natalie M. Huck filed suit against defendant Target Corporation in Indiana state court alleging that she was sexually assaulted on defendant's property due to defendant's negligence. (DE # 1.) Defendant removed the suit to federal court on July 20, 2012, claiming that jurisdiction was proper under 28 U.S.C. § 1332. That section provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a).

Plaintiff then moved for dismissal and asked this court to remand this case back to state court because she was not setting forth a claim or demand exceeding $75,000.00. (DE # 20.) In a two-page response, defendant argued that plaintiff waited three months after removal to file her motion to dismiss, so her motion should be denied. (DE # 24.)

Defendant overlooks the fact that subject matter jurisdiction may be challenged "at any time before final judgment." 28 U.S.C. § 1447(c); FED. R. CIV. P. 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendant cites cases where plaintiffs impermissibly attempted to amend their complaint or stipulate to a limitation in damages in order to avoid diversity jurisdiction, but this is not the case here. This is not a case where plaintiff previously claimed damages in excess of $75,000.00, but has now changed her tune. In this case, plaintiff has never claimed that measure of damages, and she may properly contest removal at this point in the litigation.

Defendant has the burden of proving by a preponderance of the evidence that the "amount in controversy" requirement is satisfied. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). However, defendant has made no real attempt to do so. Accordingly, plaintiff's motion to dismiss this case and remand this matter to Indiana state court is **GRANTED**. (DE # 20.)

               **SO ORDERED.**

Date: December 4, 2012

             s/James T. Moody_____
             JUDGE JAMES T. MOODY
             UNITED STATES DISTRICT COURT